IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMINIC PILEGGI, JR.,** | : | |
| Petitioner | : | No. 1:16-cr-00257-1 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

### MEMORANDUM

This matter is before the Court on Petitioner Dominic Pileggi, Jr. ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 152.) For the following reasons, the Court will deny the motion.

**I.     BACKGROUND**

In 2018, a federal jury found Petitioner guilty of conspiracy to defraud the United States, 18 U.S.C. § 371, and related charges. (Doc. No. 137.) The charges stemmed from a conspiracy involving the marketing and sale of misbranded drugs not approved for any human use. (Doc. No. 1.) The Court sentenced Petitioner on August 6, 2019, to time served plus two years of supervised release. (Doc. Nos. 136-37.) He appealed, and on the United States Court of Appeals for the Third Circuit dismissed his appeal in August 2020.[1] On August 25, 2021, after he completed the two-year term of supervised release to which the Court sentenced him, Petitioner filed his pending § 2255 motion. (Doc. No. 152.)

In his motion, Petitioner asserts two ineffective assistance of counsel claims. He first argues that his trial counsel "failed to have an expert conduct a mental health evaluation of

---

[1] Petitioner timely filed his motion within one year of the date on which his time for seeking a writ of certiorari (ninety days) expired. See 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522, 525 (2003).

[Petitioner] and call a forensic psychologist in the defense case in chief to raise the defense of partial mental responsibility of the accused." (Id. at 5.) He then argues that his "previously-retained counsel at the time of the crimes recently pleaded guilty and was sentenced to one year of probation for conspiracy to defraud the FDA on case number 1:20-cr-00244." (Id. at 6.) The "previously-retained counsel" to whom Petitioner refers is Johnathan Clark Baird, an attorney hired by Petitioner's co-conspirator "to consult on the legality" of their illegal enterprise. (Doc. No. 168 at 3.) For his role in the conspiracy, Baird was indicted in September 2020 and sentenced to probation in July 2021. See United States v. Baird, No. 1:20-cr-00244 (M.D. Pa. Sept. 30, 2020), ECF Nos. 1, 34. Petitioner asserts that the revelation of Baird's conviction for his role as a co-conspirator constitutes "new factual evidence that [Petitioner] did not possess at the time of trial and could have been presented to the jury." (Doc. No. 152 at 6.)

The Government filed a brief in opposition to Petitioner's § 2255 motion on December 14, 2021 (Doc. No. 162), and Petitioner filed a reply brief on March 1, 2022 (Doc. No. 168). Petitioner's motion is therefore fully briefed and ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner "in custody" may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). As the statute reflects, to be eligible for § 2255 relief, the prisoner must file the § 2255 motion while "in custody." See Carafas v. LaVallee, 391 U.S. 234, 238 (1968); see also Maleng v. Cook, 490

U.S. 488, 490-91 (1989).[2]  Individuals are "in custody" for purposes of § 2255 when they "suffer[] a non-negligible restraint" on their "physical liberty because of a particular conviction." See Orie v. Sec'y Pa. Dep't of Corr., 940 F.3d 845, 850 (3d Cir. 2019) (internal quotation marks omitted).  Thus, a "petitioner on supervised release is 'in custody' for purposes of § 2255." See United States v. Baird, 312 F. App'x 449, 450 (3d Cir. 2008) (not precedential).  "A federal court has habeas jurisdiction only if the petitioner is 'in custody.'"  Orie, 940 F.3d at 850.

### III.  DISCUSSION

As a threshold matter, the Government argues that the Court lacks jurisdiction over Petitioner's § 2255 motion because Petitioner did not file the motion until <u>after</u> he had fully served his sentence.  (Doc. No. 162 at 3-4.)  The Government therefore argues that Petitioner was not "in custody" when he filed his motion.  (Id.)  Petitioner, in response, asserts that his conviction resulted in ongoing collateral consequences that serve "as a jurisdictional basis" upon which the Court can entertain his motion.  (Doc. No. 168 at 9.)   Such consequences include the diminishment of his fire department pension, the deprivation of his rights to vote, carry a firearm, and obtain public employment, and the loss of his right to "be re-hired by his former [F]ire Department employer should he be deemed physically fit."  (Id. at 10.)

#### A.  Subject Matter Jurisdiction

Having considered Petitioner's § 2255 motion, the parties' briefing, and the record of his criminal proceedings, the Court agrees with the Government that it lacks jurisdiction to consider

---

[2] Although Carafas and Maleng, as well as other decisions cited herein, supra, "dealt with [] habeas corpus petition[s] filed pursuant to 28 U.S.C. § 2254, the 'in custody' requirements under Section 2254 are identical to those for federal prisoners under Section 2255." See United States v. Stuler, No. 01-cr-00035, 2006 WL 1425693, at *2 (W.D. Pa. May 18, 2006) (applying Maleng to § 2255 context); see also United States v. Allen, No. 91-cv-01936, 1993 WL 524159, at *5 n.7 (E.D. Pa. Dec. 14, 1993) (same), aff'd, 30 F.3d 1488 (3d Cir. 1994).

Petitioner's motion. Petitioner had fully served all aspects of his sentence at the time of the filing of his § 2255 motion. Because the "sentence imposed for [his] conviction" had, by that time, "completely expired," any "collateral consequences of [his] conviction are not themselves sufficient to render [him] 'in custody' for the purposes of a habeas attack." See Maleng, 490 U.S. 488, 492 (1989).[3] Stated differently, Petitioner was not "in custody" at the time of the filing of his § 2255 motion, and the mere "existence of collateral consequences," e.g., the loss of the right to vote, do not provide a jurisdictional basis upon which the Court can consider Petitioner's motion. See id.; see also Gov't of Virgin Islands v. Vanterpool, 767 F.3d 157, 164 n.7 (3d Cir. 2014) (explaining that the "'in custody' requirement is satisfied upon a showing of 'severe restraints on individual liberty,' which is unlikely to be found when the sentence imposed for the conviction has fully expired" (quoting Maleng, 490 U.S. at 491)); see also, e.g., Munoz v. Smith, 17 F.4th 1237, 1241 (9th Cir. 2021) (noting that collateral consequences such as "the imposition of a fine, the revocation of a professional license or a driver's license, and the inability to vote, engage in certain businesses, hold public office, or serve as a juror . . . do not render a person in custody" for purposes of § 2255); Wilson v. Flaherty, 689 F.3d 332, 338 (4th Cir. 2012) (holding insufficient to satisfy "in custody" requirement the obligation to register as a sex offender, the inability to adopt a stepchild, or the right to work on certain governmental projects). The Court

---

[3] These circumstances differ from the situation where a prisoner files a § 2255 motion while in custody, fully serves his sentence while the motion is pending, but continues to suffer ongoing collateral consequences. In that situation, the Court retains jurisdiction to entertain the § 2255 motion, although the motion may be moot depending on the nature of any ongoing collateral consequences. See Vasquez v. Ryan, No. 11-cv-02300, 2012 WL 959354, at *4 n.6 (E.D. Pa. Mar. 21, 2012) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998) (noting the distinction between the jurisdictional "in custody" requirement and the mootness doctrine)).

will therefore deny Petitioner's § 2255 motion for lack of jurisdiction.[4]

### B. Evidentiary Hearing

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). If "the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court need not hold a hearing. See 28 U.S.C. § 2255(b). Here, because the Court lacks jurisdiction to entertain Petitioner's § 2255 motion, the Court need not—and, indeed, cannot—conduct an evidentiary hearing in this matter.

### C. Certificate of Appealability

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

---

[4] Petitioner alternatively requests that the Court convert his § 2255 motion to an application for a writ of coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. (Id. at 10-11.) The Court declines to do so given that Petitioner made that request for the first time in his reply brief. Conversion to a coram nobis application would deprive the Government of an opportunity to brief the issues raised in support of Petitioner's arguments regarding coram nobis relief.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In this case, the Court concludes that jurists of reason would not find it debatable that the Court lacks jurisdiction to entertain the claims raised in Petitioner's § 2255 motion.  Accordingly, the Court will not issue a COA.

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 motion (Doc. No. 152) without an evidentiary hearing and will not issue a COA.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania